IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MARGARETTE DUVERGER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**RESEARCH STRATEGIES, INC.**, an Alabama corporation,<br><br>*Defendant,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Margarette Duverger ("Plaintiff Duverger" or "Duverger") brings this Class Action Complaint and Demand for Jury Trial against Defendant Research Strategies, Inc., ("Defendant Research Strategies" or "RS") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Duverger, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1. Plaintiff Margarette Duverger is a resident of Miramar, Florida.

2. Defendant Research Strategies is an Alabama incorporation headquartered in Mobile, Alabama. Defendant Research Strategies conducts business throughout this District, Florida, and the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant conducts business in this District, and the Defendant's actions were directed towards the Plaintiff who resides in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and because the wrongful conduct giving rise to this case was directed by the Defendant into, and received by the Plaintiff in, this District.

## INTRODUCTION

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 4 billion robocalls were placed in September 2021 alone, at a rate of 132.1 million calls per day. www.robocallindex.com (last visited October 11, 2021).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

15. Defendant Research Strategies is a "business-to-business market research company".[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://researchstrategiesinc.com/

16. Defendant Research Strategies conducts commercial market research surveys to gather relevant commercial information which it sells to businesses. Defendant solicits consumers to participate in their paid research surveys to gather information to sell to its customers.

17. Defendant Research Strategies owns and operates an "in-house 24-Computer Station (CATI like) Telephone Operations Center" located in Mobile, Alabama. Defendant uses this call center to conduct telephonic research surveys and to place outbound cold calls to consumers across the U.S. to solicit more and more consumers to participate in their paid research surveys. [4]

18. Defendant Research Strategies uses pre-recorded voice message calls, despite having never obtained the necessary consent required to place such calls.

19. For example, in Plaintiff Duverger' case, the Defendant placed a pre-recorded call to Duverger's cell phone number despite the fact that Duverger never consented to receive such call from the Defendant, and despite her cell phone number being registered on the National Do Not Call Registry for over 30 days at the time when she was called by the Defendant.

20. There are numerous complaints posted online about unsolicited calls that consumers received from or on behalf of Defendant Research Strategies, including pre-recorded voice message calls. For instance:

- "Recording asking me to participate in an online study group for "social and legal issues". Offered to pay me $75 in a "corporate check" for my participation. Reeks of a scam." [5]

- "Called twice in the past two days saying it was Research Stradegy and looking for people to pay to do whatever. (long boring messages.) These calls are followed by what appeared to be a local call with the name of Tara Krivoruchka. A Google search shows

---

[4] https://researchstrategiesinc.com/
[5] https://800notes.com/Phone.aspx/1-866-660-2910

that this name is associated with Research Stradegy. Enough with the phone harrassement already!!" [6]

- "Spam, calls too much. Not worth picking up. Sometimes number leaves voicemails" [7]

- "Wanted participants for a study that [I] was too old for." [8]

- "nuisance call" [9]

- "research strategy telemarketing" [10]

- "call is annoying" [11]

21. Consumers have also posted online complaints with similar pre-recorded voicemails, as the one received by Plaintiff Duverger, soliciting participation in paid marketing surveys by the Defendant:



[12]

### PLAINTIFF DUVERGER'S ALLEGATIONS

22. Plaintiff Duverger registered her cell phone number on the DNC on October 10, 2006, so as to stop receiving unwanted calls.

---

[6] https://800notes.com/Phone.aspx/1-866-660-2910
[7] https://www.shouldianswer.com/phone-number/8666602910
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] https://www.nomorobo.com/lookup/866-660-2910

23. Plaintiff's number is for personal use and not associated with a business.

24. On October 4, 2021, Plaintiff received an unsolicited call from Defendant Research Strategies from the phone number 251-660-2910 which she did not answer. She received the following pre-recorded voicemail message to her cell phone from the Defendant:

> "Research Strategies is looking for research participants that are between the ages of 18 and 76 to participate in a mock trial in Miami Dade County, Florida. The sessions are on Friday, October 8, from 9 am to 3 pm Or 3:30 pm To 9:30 pm. You will be paid $250 for attending. A light lunch or dinner will be provided. Please call 866-660-2910. If you leave a message, please include a daytime contact number. Our website is researchstrategiesinc.com. Thank you."

25. Both these phone numbers, 251-660-2910 and 866-660-2910, belong to the Defendant.

26. The call back number provided in Defendant's pre-recorded voicemail, 866-660-2910 is also displayed at the top right corner of the Defendant's website mentioned in the pre-recorded voicemail.

27. Plaintiff Duverger was not looking to participate in any paid marketing research surveys and did not give consent to Defendant or its agents to call her.

28. The unauthorized solicitation telephone call that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Duverger in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

29. The unsolicited call that Plaintiff received also caused her great anxiety and concern that the calls will continue.

30. Seeking redress for these injuries, Plaintiff Duverger, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

31. Plaintiff Duverger brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Research Strategies called (2) using an artificial or pre-recorded voice (3) on their cellular telephone number.

32. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Duverger anticipates the need to amend the Class definition following appropriate discovery.

33. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Research Strategies or its agents placed pre-recorded voice message calls to Plaintiff Duverger and members of the Pre-recorded Class;

(b) whether Defendant Research Strategies or its agents placed such calls to Plaintiff Duverger and members of the Pre-recorded Class without first obtaining consent to make those calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA;

(d) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Adequate Representation**: Plaintiff Duverger will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Duverger has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Duverger and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Duverger nor her counsel have any interest adverse to the Class.

36. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and

Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Duverger. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Duverger and the Pre-recorded No Consent Class)**

37. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

38. Defendant Research Strategies and/or its agents transmitted unwanted telephone calls to Plaintiff Duverger and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

39. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Duverger and the other members of the Pre-recorded No Consent Class.

40. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Duverger and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Duverger requests a jury trial.

**MARGARETTE DUVERGER**, individually and on behalf of all others similarly situated,

DATED this 7th day of December, 2021.

By: /s/ Stefan Coleman
Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman* (FL Bar No. 84382)

kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
*Trial Counsel

*Attorneys for Plaintiff and the putative Class*