IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MARGARETTE DUVERGER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**RESEARCH STRATEGIES, INC.**, an Alabama corporation,<br><br>*Defendant*, | No. 0:21-cv-62465-RAR<br><br>**CLASS ACTION** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Duverger sufficiently pleads a Telephone Consumer Protection Act claim arising from Research Strategies' unsolicited prerecorded call to her National Do Not Call Registry registered, residential cellular telephone number.

First, Plaintiff sufficiently alleges an injury in fact by alleging, among other things, that Research Strategies' unsolicited prerecorded call occupied her phone line.

Second, Plaintiff is entitled to pursue a TCPA claim for Research Strategies' unsolicited prerecorded call to her cellular telephone number regardless of whether the call was a telemarketing call or was simply soliciting Plaintiff to participate for a survey.

And third, Plaintiff is similarly entitled to pursue her claim regardless of whether she was charged for Research Strategies' unsolicited prerecorded call to her cellular phone number.

The Court should therefore deny Defendant Research Strategies' motion to dismiss on all bases.

**Plaintiff Sufficiently Alleges an Injury in Fact**

*First*, Plaintiff Duverger has sufficiently pled an injury in fact by alleging that Research Strategies' unsolicited call to her residential cellular telephone number that resulted in a prerecorded voicemail being left harmed her because (1) it was an "annoyance, nuisance, and invasion of privacy," (2) it "occupied her phone line," (3) it "disturbed the use and enjoyment of

her phone," (4) it caused "wear and tear on the phone's hardware (including the phone's battery)", and (5) it caused "the consumption of memory on the phone." Complaint (ECF 1) at ¶ 28.

Nothing more is required under Eleventh Circuit law to allege a plaintiff's standing based on having received a TCPA violative prerecorded call.[1] *Compare Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1270 (11th Cir. 2019), which this Court has explained "affirm[ed] that unsolicited text messages are fundamentally different from faxes and residential phone calls, which occupy a device for a period of time and intrude upon the privacy of a home," *see Fenwick v. Orthopedic Specialty Inst., PLLC*, No. 0:19-CV-62290, 2020 U.S. Dist. LEXIS 21566, at *9 (S.D. Fla. Feb. 4, 2020), and *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015) ("the specific injury targeted by the TCPA is the sending of the fax and resulting occupation of the recipient's telephone line and fax machine") *with Grigorian v. FCA US Ltd. Liab. Co.*, 838 F. App'x 390, 394 (11th Cir. 2020) ("She has not, however, provided facts to show that the single prerecorded voicemail rendered her phone unavailable to receive legitimate calls or messages for any period of time. Without more, we cannot say that she met her burden to show she had standing ….").

The case law Research Strategies cites in its motion fails to persuade otherwise. *Grigorian*

---

[1] In fact, every court of appeals to address the question post-*Spokeo* has found that the TCPA elevated harms to legally cognizable injuries such that Article III standing is established if plaintiffs allege a statutory violation of a procedure designed to protect against the harm the statute was designed to prevent. *See, e.g., Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 959 (8th Cir. 2019) ("An alleged harm need not actually have been actionable at common law to satisfy this inquiry, rather it must have a 'close relationship' to the type of harm that has traditionally been recognized as actionable."); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017) ("A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'"); *Susinno v. Work Out World Inc.*, 862 F.3d 346 (3d Cir. 2017) (holding receipt of a single missed call resulting in a prerecorded voicemail to be sufficiently concrete injury, noting similarity to intrusion upon seclusion tort); *Carl v. First Nat'l Bank*, No. 2:19-cv-00504-GZS, 2021 U.S. Dist. LEXIS 111889, at *16 (D. Me. June 15, 2021) (citing *Gadelhak v. AT&T Servs., Inc.,* 950 F.3d 458, 462-63 (7th Cir. 2020) (Barrett, J.). This is because, as the *Susinno* court explained, "Congress was not inventing a new theory of injury when it enacted the TCPA" but instead "elevated a harm that, while 'previously inadequate in law,' was of the same character of previously existing 'legally cognizable injuries.'" 862 F.3d at 352 (citing *Spokeo*, 126 S. Ct. at 1549).

2

concerned a single voicemail drop (i.e., a message transmitted directly to a phone's voicemail without the phone ringing), which the Eleventh Circuit likened to a single text message. *Grigorian,* 838 F. App'x at 393-94 (holding that plaintiff lacked standing to pursue a TCPA claim based on a single voicemail drop, because, like a text message, but unlike a typical call, a voicemail drop does not "render… her phone unavailable to receive legitimate calls or messages for any period of time"). As a result, the Eleventh Circuit applied its prior limited standing analysis concerning a plaintiff's receipt of a single TCPA violative text message. *Id.; see Salcedo v. Hanna*, 936 F.3d 1162, 1173-74 (11th Cir. 2019) (Judge Prior clarified in the concurring opinion that she considered the opinion to be limited to circumstances involving the receipt of a single text message); *cf. Cunningham v. Radius Glob. Sols. LLC*, No. 4:20-CV-00294, 2020 U.S. Dist. LEXIS 167954, at *9 (E.D. Tex. Sep. 14, 2020) ("The facts here are distinguishable. At issue in this case is a missed call, not a single, unsolicited text message.").

At issue here, however, is neither a voicemail drop nor a text message, but an unwanted missed call to Plaintiff's National Do Not Call Registry registered, personal cellular phone number resulting in a prerecorded voicemail (*see* Complaint at ¶¶ 22-24), which alone is sufficient to distinguish *Grigorian* and *Salcedo* and align this case with all others finding that a prerecorded call *does* confer Article III standing on the recipient. Helpfully, however, the Eleventh Circuit subsequently clarified this point by distinguishing *Salcedo* with *Susinno*, which addressed a single missed call resulting in a prerecorded voicemail (like this case): "For these reasons, the Third Circuit held…that the receipt of a single unsolicited call to a cell phone and a voicemail recording constituted an injury in fact. [citing *Susinno*]… There, the court explained that 'Congress squarely identified this injury' in the TCPA and that this harm bore a close relationship to the kind of harm that would have given rise to the common law cause of action of 'intrusion upon seclusion.'…**We agree**…This Court's recent decision in [*Salcedo*], that the receipt of a single unsolicited text message does not qualify as an injury in fact does not change our analysis…." *Cordoba*, 942 F.3d at 1270; *see also Trichell v. Midland Credit Mgmt.*, 964 F.3d 990, 998-99 (11th Cir. 2020) ("Although the statute has been understood to apply to both telephone calls and text messages, the

3

TCPA's statutory findings highlight the burden imposed by unwanted calls but say nothing about unwanted texts. In part, this Court relied on those findings in holding that the receipt of unwanted phone calls is a concrete injury, *Cordoba ...*, but the receipt of a single unwanted text message is not, *Salcedo* ….").

In fact, the exact standing argument Research Strategies makes has been rejected by multiple Eleventh Circuit district courts, both before and after the Eleventh Circuit's unpublished and otherwise factually limited *Grigorian* opinion. For example, in *Fischer v. Trivita Inc.*, No. 6:19-cv-2333, ECF No. 105 at *7 (M.D. Fla. July 30, 2020), the court determined, "Indeed, in *Salcedo*, the court 'expressly distinguished receiving a text message from receiving an unwanted phone call.' *Id.* (citing *Salcedo*, 936 F.3d at 1172). Given the differences between text messages and phone calls described by the Eleventh Circuit, along with the Eleventh Circuit's express agreement with *Susinno*, the Court concludes that Plaintiff, in stating he received a single unlawful phone call, has alleged that he has suffered an injury that is sufficiently concrete to establish Article III standing." *Id.*; *see also Abramson v. Fed. Ins. Co.*, No. 8:19-cv-2523-T-60AAS, 2021 U.S. Dist. LEXIS 15172, at *5 (M.D. Fla. Jan. 27, 2021) ("Plaintiff has presented sufficient facts to confer Article III standing. Plaintiff alleges that he received an unsolicited phone call with a pre-recorded message. He further alleges that he and other call recipients were harmed by these calls because they were temporarily deprived of legitimate use of their phones and their privacy was improperly invaded. '[R]eceipt of a single unsolicited phone call... and a voicemail recording constitute[s] an injury in fact' for the purposes of standing.").

Plaintiff therefore sufficiently alleges an injury in fact traceable to Research Strategies unsolicited prerecorded call.

**It is Irrelevant Whether Research Strategies' Prerecorded Call Constitutes Telemarketing**

*Second*, Plaintiff is not required to establish that Research Strategies' prerecorded voice message was telemarketing to prevail on her claim. As the Ninth Circuit recently explained: "As for the Act itself, it does not prohibit making robocalls to cell phones only if the calls involve advertising or telemarketing. The applicable statutory provision prohibits in plain terms 'any call,'

regardless of content, that is made to a cell phone using an automatic telephone dialing system or an artificial or pre-recorded voice, unless the call is made either for emergency purposes or with the prior express consent of the person being called. 47 U.S.C. § 227(b)(1)(A)(iii)." *Loyhayem v. Fraser Fin. & Ins. Servs.*, No. 20-56014, 2021 U.S. App. LEXIS 23660, at *4 (9th Cir. Aug. 10, 2021).

For a claim brought under 47 U.S.C. § 227(b)(1)(A)(iii), whether a call was telemarketing impacts only the manner in which a defendant must obtain consent to make the call. *Id*. at *6. Prerecorded voice telemarketing calls require prior express *written* consent; for non-telemarketing oral consent is sufficient. *Id*. Either way, the distinction is irrelevant here, because Plaintiff alleges that the Research Strategies' prerecorded voice call was not for emergency purposes and that Research Strategies did not have Plaintiff's permission to call her using a prerecorded voice. Complaint at ¶ 27; *Loyhayem*, 2021 U.S. App. LEXIS 23660, at *4 ("Loyhayem adequately alleged that the call he received was not made for emergency purposes … and that he did not expressly consent to receiving it. So, at least as far as the statute is concerned, Loyhayem has stated a valid claim for violation of the TCPA.").

Plaintiff therefore sufficiently alleges a prerecorded voice calls claim.

**It is Irrelevant Whether Plaintiff was Charged for Research Strategies' Prerecorded Call**

*Third*, contrary to Research Strategies unsupported argument, *see* Motion at 9, Plaintiff is also not required to establish that she was charged for Research Strategies' prerecorded call to prevail on her TCPA claim. This is because Plaintiff alleges the call was received on her cellular telephone number. *See, e.g., Thompson v. Branch Banking & Tr. Co.*, No. 19-CV-60108, 2020 U.S. Dist. LEXIS 78198, at *8 (S.D. Fla. May 1, 2020) (explaining that to prevail on a claim under 47 U.S.C. § 227(b)(1)(a)(iii), the plaintiff must establish that "the calls at issue were placed to a telephone number assigned to a cellular telephone service, *or* to a service for which the called party is charged for the call" (emphasis supplied)); *Gesten v. Stewart Law Grp., LLC*, 67 F. Supp. 3d 1356, 1359 (S.D. Fla. 2014) ("the TCPA covers calls to a cellular telephone service regardless of whether anyone is 'charged for the call' within the meaning of TCPA § 227(b)(1)(A)(iii))").

5

Plaintiff therefore sufficiently alleges a prerecorded voice calls claim.

\*\*\*

Ultimately, Research Strategies' motion to dismiss is meritless and should be denied.

DATED this 10th day of February, 2022.     Respectfully submitted,

> By: */s/ Avi R. Kaufman*
> Avi R. Kaufman (FL Bar no. 84382)
> kaufman@kaufmanpa.com
> Rachel E. Kaufman (FL Bar no. 87406)
> rachel@kaufmanpa.com
> KAUFMAN P.A.
> 237 S. Dixie Hwy, 4th Flr.
> Coral Gables, FL 33133
> Telephone: (305) 469-5881
>
> Stefan Coleman (FL Bar No. 30188)
> law@stefancoleman.com
> LAW OFFICES OF STEFAN COLEMAN, P.A.
> 201 S. Biscayne Blvd, 28th Floor
> Miami, FL 33131
> Telephone: (877) 333-9427
> Facsimile: (888) 498-8946
>
> *Attorneys for Plaintiff and the putative Class*