UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62465-RAR

**MARGARETTE DUVERGER**,

    Plaintiff,

v.

**RESEARCH STRATEGIES, INC.**,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

    **THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Class Action Complaint and Incorporated Memorandum of Law [ECF No. 6] ("Motion"). The Court has reviewed Plaintiff's Response in Opposition to the Motion [ECF No. 9] ("Response"), Defendant's Reply [ECF No. 10] ("Reply"), and heard oral argument on the Motion on March 29, 2022 [ECF No. 21] ("Hearing"). For the reasons stated on the record, and being otherwise fully advised, it is hereby

    **ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 6] is **DENIED**. Specifically, the Court finds that Plaintiff has sufficiently established standing, as well as pleaded a valid claim under the Telephone Consumer Protection Act ("TCPA").

    *First*, Plaintiff sufficiently alleges an injury in fact sufficient to confer Article III standing. *See* Compl. ¶¶ 24-28. As the Court stated at the Hearing, Plaintiff has alleged that she received an unsolicited phone call resulting in a pre-recorded voicemail message to her cell phone. *Id.* ¶ 24. As a result, the call harmed Plaintiff "in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone, in addition to the wear

and tear on the phone's hardware (including battery), and the consumption of memory on the phone." *Id.* ¶ 28. These allegations fall squarely in line with the reasoning set forth by the Eleventh Circuit in *Cordoba v. DIRECTV, LLC*, recognizing that a phone call intrudes upon the seclusion of the home, fully occupies the recipient's device for a period of time, and demands the recipient's immediate attention, and therefore, is sufficiently concrete and particularized for Article III standing. 942 F.3d 1259, 1270 (11th Cir. 2019). Indeed, "[e]very call uses some of the phone owner's time and mental energy, both of which are precious." *Id.* at 1269–70 (citing *Patriotic Veterans, Inc. v. Zoeller*, 845 F.3d 303, 305–06 (7th Cir. 2017)). Here, the Complaint has alleged the same, if not more.

While Defendant relies on *Grigorian v. FCA US LLC*, the Court finds that case readily distinguishable from the facts at hand. 838 F. App'x 390, 394 (11th Cir. 2020). Unlike the instant Plaintiff, the plaintiff in *Grigorian* failed to show facts that the "single prerecorded voicemail rendered her phone unavailable to receive legitimate calls or messages for any period of time." *Id*. at 394. As a result, the standing analysis laid out in *Grigorian* does not apply here.

*Second*, Plaintiff's Complaint properly states a claim for a violation of the TCPA. Defendant argues that there was no violation of the TCPA because the pre-recorded voice message was not an advertisement. Mot. at 8. That argument is of no moment here. In the Complaint, Plaintiff alleges a violation of 47 U.S.C. § 227(b)(1)(A)(iii)—relating to calls using any automatic telephone dialing system or an artificial or prerecorded voice. Compl. ¶ 40. "[T]he Act makes it unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any emergency telephone line, hospital patient, pager, cellular telephone, or other service for which the receiver is charged for the call." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). "In plain English, the

TCPA prohibited almost all robocalls to cell phones"—not just those related to advertising. *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2344 (2020). Because Plaintiff alleges that she received an unsolicited pre-recorded voice call, she has sufficiently stated a claim upon which relief can be granted.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 29th day of March, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**