UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-cv-62465-RAR

MARGARETTE DUVERGER, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

RESEARCH STRATEGIES, INC., an
Alabama corporation,

    Defendant.

_____/

**DEFENDANT'S SUPPLEMENTAL RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

    Defendant, Research Strategies, Inc. ("Defendant" or "RSI"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and the Local Rules governing practice in and for the Southern District of Florida, hereby files its Supplemental Response in Opposition to Plaintiff's Motion for Class Certification, as follows:

    1.    On December 7, 2021, Plaintiff filed its Class Action Complaint alleging that Defendant violated the TCPA. [DE 1].

    2.    Plaintiff alleges that on October 4, 2021, she received a thirty (30) second voicemail regarding a research study, from a telephone call that Plaintiff did not answer, and during which time Plaintiff's phone was not unavailable or unusable. [DE 1].

    3.    On June 21, 2022, Plaintiff filed its Motion for Class Certification. [DE 24].

    4.    Plaintiff's responses to Defendant's Request for Production fail to identify any record or document in Plaintiff's possession evidencing Plaintiff's receipt of the phone call at issue in this case.

5.       As a result, Defendant issued a subpoena to Plaintiff's cell phone carrier, Metro PCS. These records were not received prior to the filing of Defendant's Response in Opposition to Plaintiff's Motion for Class Certification. [DE 30].

6.       Defendant has since obtained the responsive documents which include, *inter alia*, Plaintiff's call records (the "Phone Records"), a copy of which is attached as **Exhibit 1**.[1]

7.       Crucially, Plaintiff has specifically and repeatedly alleged, *inter alia*, that her phone rang and she missed the incoming call:

    a. "On October 4, 2021, Plaintiff received an unsolicited call from Defendant Research Strategies from the phone number 251-660-2910 which she did not answer." [DE 1, ¶ 24].

    b. "Plaintiff states that she was working at Trinity Healthcare in Hollywood, Florida at the time she received the call from Defendant. Plaintiff believes that she was with a patient ***when she heard her phone ring***. She missed the call and later listened to the prerecorded voicemail." *See* Plaintiff's Responses to Defendant's Interrogatories, a copy of which is attached as **Exhibit 2** (Emphasis added).

8.       As stated in Defendant's Response, Plaintiff has not refuted the fact that Defendant made no calls to anyone regarding this mock trial project. [DE 30, ¶ 7-8]

9.       The Phone Records unequivocally show that Plaintiff ***did not receive a phone call from Defendant***.[2]

10.      To the contrary, ***Plaintiff placed an outgoing phone call to Defendant*** at the very phone number the alleged voice message asks interested individuals to call.

11.      Plaintiff has not, and cannot, adduce record evidence that she received the alleged

---

[1] Only the relevant portions of the Phone Records are being attached as an Exhibit here, with all unrelated phone numbers redacted.

[2] The records do seem to reflect that Plaintiff received a text message from Defendant's phone number. However, without getting into the merits of this issue, the evidence will show that not only did Defendant not make any phone calls for this project, but additionally, did not send any text messages for this entire project, let alone to Plaintiff.

call that forms the basis of this action because no such call occurred.

12. Additionally, if the alleged phone call (which did not occur) caused Plaintiff such "great anxiety and concern," it begs the question: why call Defendant? [DE 1, ¶ 29].

13. Not to mention, the call Plaintiff placed to Defendant appears to be just one of five to ten outgoing calls placed to toll-free or other suspected-spam phone numbers on the same date. *See* Ex. 1.

14. Unless and until record evidence establishing that Plaintiff received the phone call that forms the basis of this entire litigation, and such call was made by Defendant, Plaintiff cannot certify a class, let alone sustain her individual allegations against Defendant.

15. Plaintiff is simply not a member of the class she purports to represent.

16. As such, class certification is wholly improper.

WHEREFORE, Defendant, Research Strategies, Inc., respectfully requests this Court enter an Order denying Plaintiff's Motion for Class Certification, and for such other and further relief as this Court deems just and proper.

Dated: August 1, 2022

Respectfully submitted,

KRINZMAN HUSS LUBETSKY
  FELDMAN & HOTTE
*Attorneys for Defendant*
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Facsimile:  (305) 854-0508
Primary email:  rla@khllaw.com
Primary email:  jmh@khllaw.com
Secondary email:  mlopez@khllaw.com
Secondary email:  eservicemia@khllaw.com

By: */s/ Richard L. Allen*
Richard L. Allen
Florida Bar No. 295485
Justin M. Henning
Florida Bar No. 1018054

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of August, 2022, I served the foregoing on all counsel of record or pro se parties identified on the Service List in the manner specified.

By: */s/ Richard L. Allen*
Richard L. Allen, Esq.

## SERVICE LIST

**Stefan Coleman, Esq**. **– Via CM/ECF**
*Counsel for Plaintiff*
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
(877)333-9427
law@stefancoleman.com

**Avi Kaufman, Esq. – Via CM/ECF**
*Counsel for Plaintiff*
400 NW 26th Street
Miami, FL 33127
(305)469-5881
kaufman@kaufmanpa.com