IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MARGARETTE DUVERGER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**RESEARCH STRATEGIES, INC.**, an Alabama corporation,<br><br>*Defendant,* | No. 0:21-cv-62465-RAR<br><br>**CLASS ACTION** |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO
DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Margarette Duverger responds to Defendant Research Strategies, Inc.'s First Set of Interrogatories as follows. Ms. Duverger objects to all of Defendant's requests to the extent they seek attorney client privileged and/or work product information, and, therefore, construes Defendant's requests to not seek such information. Plaintiff further states:

**RESPONSES TO INTERROGATORIES**

1. Identify the person responding to these Interrogatories and their relationship to Plaintiff as well as any other individuals that assisted and/or were consulted in connection with obtaining information to respond to these interrogatories.

ANSWER: These interrogatories are being answered by Plaintiff Margarette Duverger.

2. Identify Your location on October 4, 2021, from the hour prior to, through the hour following, the Phone Call.

ANSWER: Plaintiff objects to this interrogatory as overbroad in substantive scope, not related to the claims or defenses at issue in this action, and, as such, not proportional to the needs of the case. Subject to the foregoing objections, Plaintiff states that she was working at Trinity

Healthcare in Hollywood, Florida at the time she received the call from Defendant.

3. Describe what activity, action, and/or doings you were engaged in and/or undertaking on October 4, 2021, from the hour prior to, through the hour following, the Phone Call.

ANSWER: Plaintiff objects to this interrogatory as overbroad in substantive scope, not related to the claims or defenses at issue in this action, and, as such, not proportional to the needs of the case. Subject to the foregoing objections, Plaintiff states that she was working at Trinity Healthcare in Hollywood, Florida at the time she received the call from Defendant. Plaintiff believes that she was with a patient when she heard her phone ring. She missed the call and later listened to the prerecorded voicemail.

4. Identify any and all individuals you were with on October 4, 2021, from the hour prior to, through the hour following, the Phone Call.

ANSWER: Plaintiff objects to this interrogatory as overbroad in substantive scope, harassing, calling for confidential third party information protected by HIPAA, not related to the claims or defenses at issue in this action, and, as such, not proportional to the needs of the case. Subject to the foregoing objections, Plaintiff states that she was working at Trinity Healthcare in Hollywood, Florida at the time she received the call from Defendant. Plaintiff believes that she was with a patient when she heard her phone ring.

5. Identify any and all phone calls made or received, text messages sent or received, applications opened or used, or other uses of the Cell Phone you were engaged in and/or undertaking on October 4, 2021, from the hour prior to, through the hour following, the Phone Call.

ANSWER: Plaintiff objects to this interrogatory as overbroad in substantive scope,

harassing, not related to the claims or defenses at issue in this action, and, as such, not proportional to the needs of the case.

6. Identify whether you heard the Phone Call ring, and if so, for how long.

ANSWER: Plaintiff heard her phone ring twice for approximately 5 seconds.

7. Identify when you noticed and/or saw the missed call from the Phone Call.

ANSWER: Plaintiff noticed that she missed the phone call right away, after she heard her phone ring and did not answer it.

8. Identify any and all uses and/or actions the Phone Call deprived you of on Your Cell Phone.

ANSWER: The unwanted prerecorded voice message from Defendant invaded Plaintiff's privacy, annoyed her, wasted her time, occupied her phone line, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone. The call also interrupted her working with a patient and interfered with her job.

9. Identify whether you listened to the Voicemail, and if so, for how long.

ANSWER: Yes, Plaintiff listened to the prerecorded voice message. It took about a minute to listen to it.

10. Identify whether you called any of the phone numbers listed in the Voicemail.

ANSWER: No.

11. Identify any and all individuals you spoke with, other than your attorney, regardingthe Phone Call and/or the Voicemail.

ANSWER: None.

12. Identify the brand and model of Your Cell Phone on October 4, 2021.

ANSWER: Samsung LG.

13. Identify Your Cell Phone carrier on October 4, 2021.

ANSWER: METRO PCS.

14. Identify the type and nature of Your Cell Phone service plan on October 4, 2021, including but not limited to, information regarding talk, text, and data and the billing type for each(i.e. unlimited, per minute, per message).

ANSWER: Plaintiff has an unlimited talk and text plan.

15. Identify any other cell phone lines, cell phone service plans, and land lines active, owned, or in your possession on October 4, 2021.

ANSWER: Plaintiff objects to this interrogatory as overbroad in substantive scope, not related to the claims or defenses at issue in this action, and, as such, not proportional to the needs of the case.

16. Describe with particularity the nature and amount of damages you allege you suffered from the Phone Call, including but not limited to, those alleged in Paragraphs 28 and 29 of the Complaint.

ANSWER: Plaintiff seeks the maximum statutory damages under the TCPA for herself and the class. Plaintiff's calculations of damages will depend on information received in discovery, including the number of calls made to Plaintiff and Class members in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Specifically, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227. For all knowing and/or willful violations of the TCPA, Plaintiff and Class members are entitled to treble damages of up to $1,500 for each and every violation. Plaintiff also seeks an injunction as described in the Complaint.

17.     Identify any and all medical professionals, therapists, or mental health professionalsYou have seen or conferred with as a result of any injuries or damages You allege have been incurred as a result of the Phone Call.

ANSWER: None.

18.     Identify any and all medical professionals, therapists, or mental health professionalsYou have seen or conferred with for anxiety for the past three (3) years.

ANSWER: Plaintiff objects to this interrogatory as grossly overbroad in substantive scope, harassing, seeking personal medical information that is not related to the claims or defenses at issue in this action, and, as such, not proportional to the needs of the case.

19.     Identify any and all medications or prescription drugs you are or have been prescribed and/or take for anxiety for the past three (3) years.

ANSWER: Plaintiff objects to this interrogatory as grossly overbroad in substantive scope, harassing, seeking personal medical information that is not related to the claims or defenses at issue in this action, and, as such, not proportional to the needs of the case.

20.     Identify any and all third parties, other than Your attorney, who have knowledge of the damages You allegedly suffered as set forth in the Complaint, and identify the specific knowledge possessed by each such individual.

ANSWER: None.

21.     Identify any and all individuals from Defendant, Research Strategies, Inc., you have communicated with, and the name, date, and substance of each such communication.

ANSWER: None other than the unsolicited prerecorded Research Strategies made that is the subject of this lawsuit.

22.     Identify any and all claims, complaints, reviews, or lawsuits you have made,

brought, or commenced against anyone for alleged violations of the Telephone Consumer Protection Act, other than this litigation, and identify the date, nature, and substance of such claims, complaints, reviews, or lawsuits.

ANSWER: Plaintiff has brought the following TCPA actions:
- *Duverger v. HRBC*, 2:21-cv-02264, California Eastern District
- *Duverger v. Vieria,* 21-cv-60080, Florida Southern District
- *Duverger v. Robert Slack LLC*, 21-cv-60911, Florida Southern District

-------------------------------------------------------------------------------------------------

I, Margarette Duverger, declare under penalty of perjury of the laws of the United States that, to the best of my knowledge and belief, the foregoing answers are true and correct.

Dated: 05 / 17 / 2022

Margarette Duverger, Plaintiff

Dated: May 18, 2022

*/s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
*Counsel for Plaintiff and the putative class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 18, 2022, I served the foregoing by email on all counsel of record.

*/s/ Avi R. Kaufman*
Avi R. Kaufman